UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIFFANY O'GRADY, and
CARLA BAKER

        Plaintiffs,

v.                                 Case No.: 8:13-cv-1223- T-24TGW

JOHN DOUGH, THE BAKERY
AT LAKEWOOD RANCH, INC., a
Florida corporation, WILLIAM EKASALA,
an individual, and GLENDA GALLAGHER
EKASALA, an individual,

        Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs Tiffany O'Grady and Carla Baker's Motion for Remand (Dkt. 18). Defendants John Dough, the Bakery at Lakewood Ranch, Inc. ("the Bakery"), William Ekasala ("Ekasala"), and Glenda Gallagher Ekasala ("Gallagher") filed a response in opposition to the motion. (Dkt. 21).

**I.  Procedural History**

This action was originally filed by Plaintiffs in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida on October 5, 2012 against Defendants Ekasala and the Bakery alleging, caims of civil assault (Count I), civil battery (Count II), intentional infliction of emotional distress (Count III), slander (Count IV), vicarious liability (Count V), and negligent hiring and retention (Count VI). On April 8, 2013 Plaintiffs filed a Motion for Leave to Amend the Complaint adding Gallagher as a

1

Defendant and claims under the Fair Labor Standards Act ("FLSA") (Count VII) and the Florida Civil Rights Act ("FCRA") (Counts VIII and IX).

On May 7, 2013, Defendants removed the action to this Court. Defendants contend that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' claim arising under the FLSA (Count VII) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remainder of Plaintiffs' claims, which arise under state law.

## II.   Discussion

On May 22, 2013, Plaintiffs moved to remand their state law claims, specifically Counts I, II, III, IV, V, VI, VIII, and IX (hereafter the "state law claims"), to the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. (Dkt. 18). Plaintiffs do not dispute that this Court has jurisdiction to consider their sole federal claim under the FLSA, (Count VII), but they reject Defendants' assertion that this Court has supplemental jurisdiction over the remaining state law claims. Plaintiffs argue that remand is appropriate because the state law claims do not arise from the same nucleus of operative facts as Plaintiffs' FLSA claim.

The Eleventh Circuit has held that when determining whether a state law claim forms part of the same case or controversy as a federal claim, courts look to whether the claims "arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

In the instant case, Plaintiffs' FLSA claim against all Defendants stems from alleged unreported and unpaid overtime wages, while the state law claims against

2

Defendants Ekasala and the Bakery stem from Ekasala's alleged sexual harassment of Plaintiffs and the alleged retaliatory termination of Plaintiff O'Grady from the Bakery. Defendants argue that due to the relatively small size of the Bakery and the resulting limited potential witnesses available for both sets of claims, the factual occurrences of each and evidence to be brought for each will overlap, thus establishing that the state law claims and federal claims form part of the same case or controversy as required by Article III of the United States Constitution. While the Court agrees that potential witnesses brought in support of both the federal and state claims will be similar and possibly identical, it finds that the facts and occurrences behind each set of claims and the evidence necessary for each set of claims to be markedly different from one another. None of the events alleged in Plaintiffs' state law claims are relevant to Plaintiffs' FLSA overtime claim – aside from the commonality of the parties involved, and such a relationship is "too attenuated to meet the standard for exercising supplemental jurisdiction." *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397, at *2 (S.D. Fla. Dec. 4, 2009) (finding no common nucleus of operative fact where the only shared characteristic between FLSA claim and the state law claims was the parties and their employment relationship). Furthermore, the evidence in support of the FLSA claim will relate to Plaintiffs' hours worked, their wages paid, and the purported intent of Defendants, while the evidence in support of the state law claims will relate to the conduct of Ekasala and his treatment of Plaintiffs Baker and O'Grady. *See Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 394 (E.D.N.Y. 2007) (finding a common nucleus of operative fact only where alleged sexual harassment impacted Plaintiff's wage

rate, and declining to exercise supplemental jurisdiction over separate sexual harassment claims that were unrelated to the plaintiff's FLSA claim).

In sum, the Court finds that common potential witnesses and an employment relationship are insufficient grounds to exercise supplemental jurisdiction over what are wholly different claims and which require wholly different factual proof.  While the Court acknowledges and appreciates Defendants' arguments concerning judicial economy and convenience, the FLSA claim and the state law claims do not arise out of a common nucleus of operative fact.  Therefore, this Court declines to exercise supplemental jurisdiction over the state law claims.

## III.    Attorneys' Fees

Plaintiffs' request for attorneys' fees incurred for the filing of their motion to remand is denied.  Defendants had a reasonable basis pursuant to 28 U.S.C. § 1441(c)  for removing this case to federal court when Plaintiiffs moved to amend their complaint alleging a violation of the FLSA.  Only where the removing party lacks a reasonably objective basis for seeking removal may the Court award attorneys' fees and costs. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## IV.    Conclusion

It is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand of Plaintiffs' State Law Claims (Dkt. 18) is **GRANTED**.  Counts I, II, III, IV, V, VI, VIII, and IX are hereby **SEVERED** from the amended complaint.  The Clerk is directed to **REMAND** the above counts to state court.  The remaining FLSA claim (Count VII) remains pending before this Court.

**DONE AND ORDERED** at Tampa, Florida this ___ day of June, 2013.

SUSAN C. BUCKLEW
United States District Judge